**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tommaso Melchiori,

Plaintiff,

v.

Kristi Noem, et al.,

Defendants.

No. CV-26-00497-PHX-SHD

**AMENDED ORDER**

Plaintiff filed a Complaint for Declaratory and Injunctive Relief and Complaint under the Administrative Procedure Act and Due Process and an Ex Parte Motion for Temporary Restraining Order. (Docs. 1-2.) The Court will deny the request for an Ex Parte Motion for Temporary Restraining Order and direct Defendants to respond to the request for a TRO with notice.

## I. Background and Complaint

Plaintiff entered the United States under the Visa Waiver Program in October 2024. (Doc. 1 ¶ 24.) He remained in the United States after his authorized stay expired and has continuously resided in the United States since that time. (*Id.*) On June 18, 2025, Plaintiff married a United States citizen. (*Id.* ¶ 25.) On August 20, 2025, Plaintiff and his spouse filed an I-130 Petition for Alien Relative and I-485 Application to Adjust Status. (*Id.* ¶ 27.) Plaintiff alleges he "entered a period of authorized stay" due to the pendency of his I-485 petition. (*Id.* ¶ 29.) Plaintiff's mandatory adjustment interview for his I-485 application is scheduled for January 28, 2026 at 12:30 p.m. (*Id.* ¶ 30.) Plaintiff alleges

"ICE has recently begun arresting individuals attending USCIS interviews for adjustment, including those eligible under INA § 245(a), creating a credible threat of arrest to Plaintiff." (*Id.* ¶ 32.) Plaintiff further explains he "reasonably fears that appearing for the mandatory USCIS interview will subject him to arrest, detention, and initiation of removal proceedings, causing irreparable harm to both Plaintiff and their spouse and potentially foreclosing the adjudication of his pending adjustment application." (*Id.* ¶ 36.)

Plaintiff presents five claims for relief, three alleging that Defendants' practice of arresting individuals at USCIS interviews violates the Administrative Procedure Act (Counts One, Three, and Five), one based on the *Accardi*[1] doctrine (Count Two), and one based on Plaintiff's due process rights (Count Four).

## II. Ex Parte Motion for Temporary Restraining Order

In addition to his Complaint, Plaintiff also filed an Ex Parte Motion for Temporary Restraining Order enjoining his arrest. (Doc. 2.) In support, Plaintiff cites multiple news articles from California identifying several individuals who were arrested when they appeared for their adjustment of status interviews.[2] Plaintiff also provides declarations from three attorneys whose clients were arrested at their USCIS interviews. (Doc. 1, Ex. 2.)

A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Plaintiff has not shown that he will likely suffer immediate and irreparable injury

---

[1] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

[2] While Plaintiff alleges his adjustment of status interview is scheduled to take place in Phoenix, Arizona, the news articles and citations supporting venue relate to the Central District of California.

before Defendants can be heard in opposition. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983) ("In order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner.").

The examples cited in the Complaint and in the declarations submitted in the exhibits do not compel the conclusion that Plaintiff's arrest is substantially likely to occur. Thus, because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(A), the Court, in its discretion, will deny without prejudice Plaintiff's request for a temporary restraining order. *See* LRCiv 65.1; *see also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting ex parte temporary restraining order "when there was no valid reason for proceeding ex parte and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such ex parte orders"); *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 643 (S.D. Cal. 1999).

The Court will, however, direct Defendants to respond to the Motion for Temporary Restraining Order with notice indicating whether it is their current policy to arrest individuals who appear at adjustment of status interviews and whether Plaintiff is subject to arrest at his interview.[3]

**IT IS ORDERED:**

(1) Plaintiff's Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**. Plaintiff's Motion for Temporary Restraining Order with notice must remain pending.

---

[3] If Plaintiff is arrested at his USCIS interview, he may file a petition for writ of habeas corpus under § 2241 arguing his detention is without legal authorization because he has legal status during the pendency of his I-485 Petition, or on any other basis.

(2) Counsel for Plaintiff must immediately serve the Complaint (Doc. 1) upon Defendants.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order, the Motion for Temporary Restraining Order, and the Complaint to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Defendants must file a response to Plaintiff's Motion for Temporary Restraining Order no later than **4:00 p.m. on Wednesday, January 28, 2026**. Plaintiff may file a reply no later than **10:00 a.m. on Thursday, January 29, 2026**. The Court will direct a further response to the Complaint after resolution of the request for TRO.

Dated this 27th day of January, 2026.

Honorable Sharad H. Desai
United States District Judge