# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommaso Melchiori, | No. CV-26-00497-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Petitioner filed a Complaint for mandamus relief under 28 U.S.C. § 1361 and an Ex Parte Motion for Temporary Restraining Order. The Court denied the request for ex parte relief and directed Defendants to respond to the Complaint and Motion for Temporary Restraining Order with notice. Plaintiff sought to enjoin his arrest at his impending interview for his adjustment of status application. The Court will deny the Motion and dismiss the Complaint.

**I.      Background**

Plaintiff entered the United States under the Visa Waiver Program in October 2024. (Doc. 1 ¶ 24.) He remained in the United States after his authorized stay expired and has continuously resided in the United States since that time. (*Id*.) On June 18, 2025, Plaintiff married a United States citizen. (*Id.* ¶ 25.) Then, on August 20, 2025, Plaintiff and his spouse filed an I-130 Petition for Alien Relative and I-485 Application to Adjust Status. (*Id.* ¶ 27.) Plaintiff alleges he "entered a period of authorized stay" due to the pendency of his I-485 petition. (*Id.* ¶ 29.) Plaintiff's mandatory adjustment interview for his I-485

application was scheduled for January 28, 2026 at 12:30 p.m. (*Id.* ¶ 30.) Plaintiff alleged "ICE has recently begun arresting individuals attending USCIS interviews for adjustment, including those eligible under INA § 245(a), creating a credible threat of arrest to Plaintiff." (*Id.* ¶ 32.) Plaintiff further explained he "reasonably fears that appearing for the mandatory USCIS interview will subject him to arrest, detention, and initiation of removal proceedings, causing irreparable harm to both Plaintiff and their spouse and potentially foreclosing the adjudication of his pending adjustment application." (*Id.* ¶ 36.)

Plaintiff presents five claims for relief, three alleging that Defendants' practice of arresting individuals at USCIS interviews violates the Administrative Procedure Act (Counts One, Three, and Five), one based on the *Accardi*[1] doctrine (Count Two), and one based on Plaintiff's due process rights (Count Four).

## II. Summary Dismissal

Review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Here, Plaintiff fails to state a claim for relief. Plaintiff maintains he does not "challenge the Attorney General's decision to initiate removal proceedings or seek to overturn any final removal order. Instead, Plaintiff[] seek[s] preliminary injunctive relief to prevent imminent detention that would irreparably harm them before they have had a meaningful opportunity to pursue collateral relief." (Doc. 12 at 7.) But in seeking to enjoin

---

[1] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

his arrest Petitioner *is* squarely attacking the commencement of proceedings, and, under the REAL ID Act, the Court lacks jurisdiction over such a challenge because the request to enjoin an arrest "arise[s] from" an "action" or a "proceeding" brought in connection with petitioner's removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "commence proceedings" against him (8 U.S.C. § 1252(g)).  *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) (§ 1252(g) "applies without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under the Act") (cleaned up); *see also Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 477 (1999).  If Plaintiff is detained, he may seek to challenge his detention, but, at this juncture, Plaintiff fails to state a cognizable claim for relief.  The Complaint must be dismissed, and the Motion for Temporary Restraining Order will be denied.

**IT IS ORDERED:**

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**.

(2) Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 9th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 3 -